IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JEFFREY J. O'NEAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 16-00865-CV-W-FJG ) |
| MISSOURI DEPT. OF CORRECTIONS, ET AL., | ) ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 1).

In reviewing plaintiff's in forma pauperis application, the Court is also obligated to review the plaintiff's Complaint. Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement or prosecution of any suit without prepayment of fees when an applicant files an affidavit stating that they are unable to pay the costs of the lawsuit. In Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982), the court noted:

> There is a two step process to be followed by the district court in considering whether a pro se plaintiff should be permitted to proceed in forma pauperis. First, a determination of whether the plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is, under § 1915([e]), frivolous or malicious and, if so, to dismiss the complaint.

In Patterson v. Kaiser, No. 4:14-CV-1255-CDP, 2014 WL 4715453 (E.D.Mo. Sept. 22, 2014), the Court stated:

> An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to

> state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v.
> Twombly</u>, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under
> §1915 (e)(2)(b), the Court must give the complaint the benefit of a liberal
> construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court
> must also weigh all factual allegations in favor of the plaintiff, unless the
> facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32
> (1992).

<u>Id</u>. at * 1.

In his two hundred and twenty-three page Complaint, plaintiff alleges in part:

> This is a civil action complaint being brought under Title 42 of the
> United States Code §1983 for the violation of civil, constitutional violations
> of rights and liberties guaranteed by the United States Constitution, inter
> alia; rights of man and humane decency and treatment of others, toward
> others under the International Declaration of Human Rights, governed by
> the United Nations General Assembly.
>
> My complaint is that the Missouri State Department of Corrections fails
> to treat incarcerated persons with dignity, human kindness, decency,
> being forever growing in mental abuse, torturous, demeanative in nature!
>
> In a retaliatory act of aggression, abuse of power, violating my 14th
> Amendment to the U.S. Constitution, . . .failed intentionally to allow myself
> to call and speak to my terminal, last parent, before my father pass'd
> away, Sept. 21, 2015; taking also the last chance I'll ever have to ever
> hearing my father's voice again. Now I cannot; due to my defendants'
> policy of inmates on disciplinary action in segregation; believed to be
> unhumane, inhumane, a serious shock to my conscience and my families,
> others who I've told about this.

(Plaintiff's Complaint, pp. 8-9).

In reviewing the remainder of plaintiff's extensive Complaint, it is clear that he has attached additional documents to the Complaint, such as a Motion for Appointment of Counsel, First Request for Production of Documents, Request for Discovery and various other exhibits. It has been difficult for the Court to sift through the lengthy Complaint, to ferret out exactly what claims plaintiff is alleging against which defendants. Accordingly, the Court finds that it would be beneficial for plaintiff to file an Amended Complaint,

which is limited to only those claims which he is asserting in this action. Plaintiff shall clearly and concisely set out the facts relevant to his claim in separate counts and state which claims he is asserting against which defendants. Plaintiff shall include all of his claims in one, centralized complaint. In the "Caption" section of the Amended Complaint, plaintiff shall list the name of each defendant he wishes to sue. In the "Statement of Claim" section, plaintiff shall write the first defendant's name. In separate, numbered paragraphs, under the name, plaintiff shall set fort the allegations supporting his claim(s) against that defendant, as well as the specific constitutional right(s) that he claims that defendant violated and whether that defendant is being sued in his/her official and/or individual capacity. Plaintiff should then proceed in the same manner with each of the remaining defendants.

The Amended Complaint must contain short and plain statements showing that plaintiff is entitled to relief. The allegations must be simple, concise, and direct and the numbered paragraphs must be limited to a single set of circumstances. Plaintiff shall not attach any exhibits to the Amended Complaint. Plaintiff must also sign the Amended Complaint before filing it with the Court. Plaintiff shall submit his Amended Complaint on a court-provided form and the Amended Complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff shall also not include any additional motions within the body of the Complaint. If plaintiff wishes to file additional motions, such as a Motion for Appointment of Counsel, those motions shall be filed as separate documents. Additionally, discovery documents or requests for discovery are not to be filed with the Court. Plaintiff may find it useful to review the resources for pro se parties contained on the Court's website:

www.mow.uscourts.gov/district/pro_se.html.

Plaintiff is also warned that the filing of an Amended Complaint replaces the original complaint and all previously filed pleadings. Any claims from the original complaint, that are not included in the Amended Complaint, will be deemed abandoned and will not be considered. Plaintiff is also advised that the Amended Complaint will replace the original complaint and will be the only pleading the Court reviews.

Accordingly, plaintiff is hereby ordered to file an Amended Complaint which more clearly and concisely sets out the claims that plaintiff is asserting against which defendants. After the Court has reviewed the Amended Complaint, the Court will make a final determination as to the sufficiency of plaintiff's Complaint. Plaintiff shall file his Amended Complaint on or before **November 28, 2016**. If plaintiff fails to file an Amended Complaint by this deadline, this action will be dismissed without prejudice and without further notice.

The Clerk of the Court is hereby directed to send a copy of this Order to plaintiff at the address listed below:

Jeffrey J. O'Neal
2376 Hwy A
Moberly, Missouri 65270


Date: October 27, 2016　　　　　　　　　　**S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge

4

Case 4:16-cv-00865-FJG   Document 3   Filed 10/27/16   Page 4 of 4